CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 09 2019
JULIA C. DUDLEY, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE BAKER, a.k.a. DEWAYNE BAKER, | CASE NO. 7:18CV00620 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE, DIRECTER, | By: Hon. Jackson L. Kiser |
| | Senior United States District Judge |
| Respondent. | |

This action, brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is ripe on a motion to dismiss that I will address in another opinion and order. Upon review of the record, however, I find it appropriate to deny the petitioner's separate motions for interlocutory injunctive relief and appointment of counsel.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). All four factors must be met. Id. To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, Dan River, Inc. v. Icahn, 701 F.2d 278, 283 (4th Cir. 1983).

The petitioner, DeWayne Baker, alleges that officials at Green Rock Correctional Center are making "an attempt to transfer [him] in retaliation for bringing litigation [and] filing grievances." (Mot. 1 [ECF No. 11].) Baker asserts that an officer mentioned to him a "plan to

transfer [Baker] to high level 4 distant facility where [he] would not otherwise be housed, seriously threatening [his] life and safety, depriving [Baker] who has disabilities of visitation with family members." Id. Baker also believes that such a transfer "will affect [his] ability to litigate [his] suitcases" because prison could delay transporting his legal materials to the next prison facility and cause him to miss court deadlines. Id. at 1-2. Finally, Baker fears that a transfer would deprive him of the "Phillips Respironics Easy Life C-PAP breathing mask to treat [his] sleep apnea." Id. at 2. On these allegations, Baker asks me to order Green Rock officials not to transfer him.

Inmates have no constitutional right to be housed in any particular prison within the state where they are convicted or to avoid being transferred to a higher security prison facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976). In addition, neither prisoners nor their would-be visitors have a fundamental constitutional right to prison visitation. White v. Keller, 438 F. Supp. 110, 117 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978). To the extent that some right to physical association survives incarceration, that right may be lawfully restricted or denied altogether through prison regulations rationally related to legitimate penological interests. Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (finding no constitutional infringement where prison policies prevented some inmates from visiting with some relatives). Thus, I cannot find that Baker has shown any likelihood of success on the merits of a claim that he has a right to avoid being moved to a higher security facility at some distance from his family.

More importantly, however, Baker does not describe any event or official action at Green Rock, other than an offhand verbal threat, on which he bases his speculative fears of a retaliatory transfer, deprivation of his legal paperwork, or lack of access to his C-PAP device. Finding no factual basis for a conclusion that Baker is likely to suffer imminent or irreparable harm in the

absence of the extraordinary relief he seeks, I conclude that he has not made the factual showings required under Winter. Therefore, I must deny his motion.

Baker also asks the court to appoint counsel for him in this habeas action. He states that he cannot afford counsel, that he has no education in the law, and that his case is complex. He does not demonstrate exceptional circumstances that warrant appointment of counsel at this time. See 18 U.S.C. § 3006A(a)(2)(B) (authorizing appointment of counsel in § 2254 case at court's discretion only upon finding that "the interests of justice so require"). Baker may renew his motion for appointment of counsel if an evidentiary hearing is scheduled in this case.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner and to counsel of record for the respondent.

ENTERED this 9th day of April, 2019.

*Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE